1 | Neal J. Fialkow (State Bar No. 74385)
LAW OFFICE OF NEAL J. FIALKOW INC.
2 | 215 North Marengo Avenue, Third Floor
Pasadena, California 91101
3 | Telephone: (626) 584-6060
Facsimile: (626) 584-2950
4 | Email: nfialkow@pacbell.net

5 | Aaron C. Gundzik (State Bar No. 132137)
GARTENBERG GELFAND HAYTON
6 | & SELDEN, LLP
801 South Figueroa Street, Ste. 2170
7 | Los Angeles, CA 90017
Telephone: (213) 542-2100
8 | Facsimile: (213) 542-2101
Email: agundzik@gghslaw.com

9
Sahag Majarian II (State Bar No. 146621)
10 | LAW OFFICE OF SAHAG MAJARIAN, II
18250 Ventura Boulevard
11 | Tarzana, California 91356
Telephone: (818) 609-0807
12 | Facsimile: (818) 609-0892
Email: sahagii@aol.com

13
Attorneys for Plaintiff Elisa Lopez,
14 | individually and on behalf of all others similarly situated

E-FILING

FILED
DEC 12 2012
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV 12- 6300

| | |
|---|---|
| ELISA LOPEZ, Plaintiff, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>TANGOME, INC., a Delaware Corporation; DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF 47 U.S.C. § 227; DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

CLASS ACTION COMPLAINT

**INTRODUCTION**

1. This class action is brought to recover damages and obtain injunctive relief for Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[1] As alleged below, Defendants have engaged in a practice of sending unwanted text messages to the mobile phones of Plaintiff and thousands of others. Such conduct is prohibited under the TCPA and pursuant to its sub-sections, Plaintiff and the class are entitled to recover damages of no less than $500 per violation and an injunction prohibiting future violations.

**PARTIES**

2. Plaintiff Elisa Lopez is an individual and a resident of Santa Barbara, California.

3. Defendant TangoMe, Inc. ("TangoMe") is a Delaware corporation, whose principal place of business is located in Palo Alto, California.

4. The defendants named herein as Does 1 through 10 are sued by said fictitious names, as their true names and capacities are unknown to Plaintiff. Plaintiff believes that one or more Doe Defendants are unknown persons or entities that were under contract with Defendant TangoMe to provide marketing or other services related to the text messages at issue. Plaintiff will amend this Complaint to allege the Doe Defendants' true names and capacities when they are ascertained. Plaintiff is informed and believes and based upon such information and belief, alleges that each of the Doe Defendants is responsible in some manner for the wrongful conduct alleged herein.

**JURISDICTION**

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it arises under the statutes of the United States. Plaintiff pleads a violation of 47 U.S.C. § 227.

---

[1] Unless otherwise indicated, all statutory references herein are to Title 47 of the United States Code.

6. The Court has personal jurisdiction over Defendants because Defendants reside in California.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendant TangoMe resides here.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-4, this action should be assigned to the San Jose Division of this Court because Defendant Tango Me, Inc. resides in Palo Alto, California, which is located in Santa Clara County, California.

## COMMON ALLEGATIONS

9. The Short Message Service ("SMS") or "text" message recently turned 20. In that time, the use of text messaging has increased dramatically. In 2011 an estimated 73% of adults received and sent text messages, with an estimated 8 trillion text messages being sent. The average adult receives and sends 500 text messages each month.

10. Recognizing the importance and prevalence of this form of communication, businesses have began to make more and more use of texting to connect with existing customers and find new ones. Thus, during the last 20 years, commercial texting has also exploded. One research estimate suggests that in 2011 alone, 346 billion commercial text messages were sent. Within a few years, that number is expected to almost double.

11. Along with the rise of commercial texting, the practice of spam texting has also increased. According to an industry analyst, spam text messages in the United States increased by 45% in 2011 to 4.5 billion messages. Thus, like their email and junk fax counterparts such uninvited texts have become an insidious problem. These messages regularly intrude into our lives invading our privacy and taking up our precious time.

12. Often consumers must pay to receive this spam. Consumers must pay their wireless providers for the ability to send and receive such messages. Wireless providers may levy a charge per text message or provide their users with a limited number of messages for a set fee.

CLASS ACTION COMPLAINT
3

1    13.    In 1992, the TCPA was enacted to address the problem of unwanted telephone calls and faxes. The TCPA prohibits most unwanted automated calls to residential lines and junk faxes, it also prohibits spam texts:

> It shall be unlawful for any person within the United States if the recipient is within the United States -- (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service.

47 U.S.C. § 227(b)(1)(A)(iii).

14.    Spam text messages violate the TCPA because they are sent using an "automatic telephone dialing system" without the "prior express consent of the called party."

15.    The TCPA grants persons a private right of action and allows for the imposition of injunctive relief and damages equal to the greater of actual damages and $500 for each violation.

16.    On November 24, 2012 at approximately 6:51 p.m., Defendant TangoMe and Doe Defendants caused a text message advertising TangoMe's products and services to be sent to Plaintiff's mobile telephone. The message read:

> Get Tango at http://tango.net/r/a for FREE texting, voice calls, video calls, and games on your iPhone, Android, WP7, or PC!

17.    When Plaintiff received the forgoing message, she was in Santa Barbara, California.

18.    On information and belief, this text message was sent using an automatic dialing system. It was sent to numerous other telephone numbers at the same time that it was sent to Plaintiff.

19.    Plaintiff did not give her express consent to receive Defendants' text message before it was sent. Nor, has Plaintiff subsequently consented to receiving text messages from Defendants.

20.    The message was not sent for emergency purposes.

## CLASS ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 as the representative of a class consisting of all persons to whom Defendants caused text messages to be sent without prior express consent utilizing an automatic dialing system.

22. On information and belief, Defendants caused illegal text messages to be sent to many thousands of persons and entities. The class is so numerous that joinder of all members in impracticable.

23. A class action is the only realistic means for individual members to be compensated for Defendants' violations of the TCPA. The expense to each class member of litigating their claims against Defendants individually effectively precludes class members from obtaining any remedy for Defendants' violations.

24. The following questions of law and fact, among others, are common to the class and predominate over questions affecting only individual members:

   a. Whether Defendants caused a large number of unauthorized text messages to be sent to Plaintiff and others.

   b. Whether Defendants' text messages were sent for emergency purposes.

   c. Whether Defendants used an automatic dialing service to send such messages.

   d. Whether Defendants confirmed that the recipients of its text messages had given Defendants prior express consent.

   e. Whether the TCPA applies to text messages.

   f. Whether Defendants acted willfully, such that treble damages are warranted under section 227(b)(3)(B).

25. Plaintiff's claims are typical of the claims of other class members.

26. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff is represented by competent and experienced counsel and Plaintiff is committed to vigorously pursue her claims and the claims of all class members.

CLASS ACTION COMPLAINT
5

27. In light of the predominance of questions, the expected size of the class and the small amount of damages recoverable by each individual member, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### FIRST CLAIM FOR RELIEF

### Damages for Violation of the TCPA

28. Plaintiff incorporates by this reference, as if fully set forth herein, the allegations in paragraphs 1 – 27, above.

29. At a time when Defendants were within the United States, Defendants and their agents caused the above-referenced text message to be sent to Plaintiff and other members of the class.

30. When Plaintiff and other class members received the unauthorized text message, they were in the United States.

31. Plaintiff and the class members did not give Defendants express consent to receiving the messages before they were sent.

32. Defendants and their agents used an automatic telephone dialing system to send the messages to Plaintiff and other class members.

33. The messages were sent to Plaintiff's and other class members' cellular telephones.

34. Defendants' conduct was the proximate and actual cause of monetary loss and other damage incurred by Plaintiff and the class members. Pursuant to section 227(b)(3)(B), Plaintiff and the class members are entitled to recover the greater of the amount of their monetary loss or $500 per violation.

35. Defendants willfully and knowingly violated section 227(b). Accordingly, pursuant to section 227(b)(3), Plaintiff requests that the Court award her and the class treble damages.

## SECOND CLAIM FOR RELIEF

### Injunctive Relief for Violation of the TCPA

36. Plaintiff incorporates by this reference, as if fully set forth herein, the allegations in paragraphs 1 – 35, above.

37. Pursuant to Section 227(b)(3)(A), in an action based upon a violation of the TCPA, Plaintiff may seek an injunction precluding future violations.

38. As alleged above, Defendants have violated the TCPA. Their past conduct in doing so demonstrates that it is necessary for the Court to issue an injunction to prohibit future violations of the TCPA.

39. Accordingly, Plaintiff requests that the Court enter an order permanently enjoining Defendants and all those acting on their behalf from sending unauthorized text messages in violation of the TCPA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1. For the actual monetary loss incurred by her and the class or $500 per violation, whichever is greater;

2. For an an order permanently enjoining Defendants and all those acting on their behalf from sending unauthorized text messages in violation of the TCPA.

3. For an order certifying the class as defined above;

4. For reasonable attorney's fees and costs

5. For such other and further relief as the Court deems just and proper.

Dated: December 11, 2012

GARTENBERG GELFAND HAYTON & SELDEN LLP

_____
Aaron C. Gundzik
Attorneys for Plaintiff

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury.

Dated: December 11, 2012

GARTENBERG GELFAND HAYTON & SELDEN LLP

_____
Aaron C. Gundzik
Attorneys for Plaintiff