

| | |
|---|---|
| 1 | **KRONENBERGER ROSENFELD, LLP** |
| 2 | Karl S. Kronenberger (Bar No. 226112) |
|   | Jeffrey M. Rosenfeld (Bar No. 222187) |
| 3 | 150 Post Street, Suite 520 |
|   | San Francisco, CA 94108 |
| 4 | Telephone: (415) 955-1155 |
|   | Facsimile: (415) 955-1158 |
| 5 | karl@KRInternetLaw.com |
| 6 | jeff@KRInternetLaw.com |
| 7 | Attorneys for Defendant TangoMe, Inc. |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **ELISA LOPEZ**, Plaintiff, individually and on behalf of all others similarly situated, | Case No. 5:12-cv-06300-HRL |
| Plaintiff, | **DEFENDANT TANGOME, INC.'S ANSWER TO COMPLAINT** |
| v. | |
| **TANGOME, INC.**, a Delaware corporation; **DOES 1 through 10**. | |
| Defendants. | |

Case No. 5:12-CV-06300-HRL      **DEFENDANT TANGOME, INC.'S ANSWER TO COMPLAINT**

Defendant TangoMe, Inc. ("Defendant"), in answer to the Complaint for Damages and Injunctive Relief for Violations of 47 U.S.C. §227 of Plaintiff Elisa Lopez ("Plaintiff"), herein admits, denies, and avers as follows:

## INTRODUCTION

1. Defendant denies the allegations of Paragraph 1.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies the same.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies the same.

## JURISDICTION

5. Defendant admits the allegations of Paragraph 5.

6. Defendant admits that it maintains an office in California. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies the same.

## VENUE

7. Defendant admits that it maintains an office in California. . The remaining allegations contained in Paragraph 7 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent that a response is required, except as expressly admitted, Defendant denies the allegations contained in Paragraph 7.

## INTRADISTRICT ASSIGNMENT

8. Defendant admits that it maintains an office in Palo Alto, California. The remaining allegations contained in Paragraph 8 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent that a

response is required, except as expressly admitted, Defendant denies the allegations contained in Paragraph 8.

**COMMON ALLEGATIONS**

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, on that basis, denies the same.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, on that basis, denies the same.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies the same.

## CLASS ALLEGATIONS

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, on that basis, denies the same.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24 and all sub-paragraphs thereof.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

## FIRST CLAIM FOR RELIEF

### Damages for Violation of the TCPA

28. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies the same.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, on that basis, denies the same.

|     |      |                                                       |
| --- | ---- | ----------------------------------------------------- |
| 1   | 32.  | Defendant denies the allegations of Paragraph 32.     |
| 2   | 33.  | Defendant denies the allegations of Paragraph 33.     |
| 3   | 34.  | Defendant denies the allegations of Paragraph 34.     |
| 4   | 35.  | Defendant denies the allegations of Paragraph 35.     |

## SECOND CLAIM FOR RELIEF

### Injunctive Relief for Violation of the TCPA

36. Defendant incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

37. The allegations contained in Paragraph 37 are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses. Each defense is asserted as to all causes of action unless otherwise noted. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended, or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

Plaintiff has failed to state a cause of action against Defendant upon which relief may be granted. Plaintiff has failed to plead the prima facie elements of its asserted causes of action.

//

## SECOND AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff's action, and each claim asserted therein, is barred because Plaintiff provided her consent for the alleged text messages including, without limitation, "prior express consent" as defined by the TCPA.

## THIRD AFFIRMATIVE DEFENSE

**(Section 230 of the Communications Decency Act)**

Plaintiff's action, and each claim asserted therein, is barred by Section 230(c) of the Communications Decency Act because Defendant is a provider of an interactive computer service and Plaintiff, through the action, seeks to treat Defendant as the publisher or speaker of information provided by another information content provider.

## FOURTH AFFIRMATIVE DEFENSE

**(First Amendment)**

Plaintiff's action, and each claim asserted therein, is barred by the First Amendment as an unlawful abridgment of the freedom of speech.

## FIFTH AFFIRMATIVE DEFENSE

**(Action Should Not Be Certified As A Class Action)**

Plaintiff's action, and each claim asserted therein, does not satisfy the legal requirements for class action certification, such as the predominance of common questions over individual facts.

//
//
//
//
//

## SIXTH AFFIRMATIVE DEFENSE

### (Settlement Credits)

In the event that a settlement is reached between Plaintiff or any class member, on the one hand, and any other person or entity on the other hand, Defendant is entitled to any settlement credits permitted by law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The damages and harms alleged in the Complaint, which are expressly denied, are barred by Plaintiff's failure to comply with the terms of the alleged contract and Plaintiff's failure to fulfill all conditions precedent to enforcing the same.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contribution)

The acts and omissions alleged in the Complaint, as well as the damages and harms alleged therein, which are expressly denied, were caused and/or contributed to by the acts and omissions of third parties over which Defendant had no control or any duty to control.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff waived any claim or cause of action against Defendant for the acts alleged in the Complaint, and Plaintiff should be estopped from bringing this lawsuit.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that judgment be rendered in its favor and that Plaintiff take nothing on her claims, that Plaintiff's claims, and each of them, be dismissed in their entirety with prejudice, and that costs be awarded to Defendant.

Respectfully Submitted,

DATED: February 15, 2013     KRONENBERGER ROSENFELD, LLP

By: s/ Karl S. Kronenberger
     Karl S. Kronenberger

Attorneys for Defendant